■ Helene Korneffel, Appellant, v Gilbert Eiseman et al., Respondents.—In a medical malpractice action, the plain-

tiff appeals from an order of the Supreme Court, Suffolk County (McInerney, J.), dated October 15, 1985, which granted the defendants' motion to compel the plaintiff to serve a further bill of particulars as to certain items and to strike a certain item in the plaintiff's amended bill of particulars.

Ordered that the order is modified by deleting the provision thereof which granted that branch of the defendants' motion which was to strike item No. 1 (g) from the plaintiff's amended bill of particulars, dated July 29, 1985, and substituting therefor a provision denying that branch of the motion. As so modified, the order is affirmed, without costs or disbursements.

The record reveals the existence of a question of fact as to whether item No. 1 (g) of the plaintiff's bill of particulars sets forth a cause of action not asserted in the complaint to recover damages for assault and battery, or alleges an act constituting medical malpractice. While the former would be time barred, the plaintiff should not, at this stage of the proceeding, be precluded from hereafter attempting to establish her claim that the conduct described constituted medical malpractice (see, Abraham v Brooklyn Hosp., 114 AD2d 825).

We also find that the information sought in items Nos. 5a and 5b of the defendants' demand for a bill of particulars is not evidentiary in nature but, rather, would amplify the allegations in the plaintiff's pleadings with respect to her claim of lack of informed consent. Thompson, J. P., Brown, Eiber and Kunzeman, JJ., concur.